# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 10-3430

CATHLEEN R. SAMBRANO,

                 *Plaintiff-Appellant*,

       v.

RAY MABUS, Secretary of the Navy,

                 *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 718 – **Charles R. Norgle**, *Judge.*

_____

## ANSWER TO THE RULE TO SHOW CAUSE

  First of all, I want to thank the court for giving me reasonable notice and opportunity to present a fitting explanation to its November 8, 2011 order to show cause.

(1) <u>Good Cause</u> – I entered my appearance for the plaintiff-appellant (Cathleen) pro bono at the administrative level knowing that she had good cause, a just cause and a legally-sufficient reason. Based on facts and evidence, I believed she had a prima facie case of discrimination. I have no reason to work on a case pro bono exhausting precious time and effort if her cause lacks merit. Factual and documentary evidence of discrimination are in the EEO investigative file and were restated in Cathleen's request for reconsideration filed with the EEOC but were routinely discounted by the EEOC.

(2) <u>Discovery Not Necessary</u> – On July 15, 2008, the district court directed the parties to file an agreed discovery schedule. The parties submitted the agreed

proposed discovery plan and schedule which included initial disclosures pursuant to Rule 26(a). On August 8, 2008, counsel for defendant-appellee made initial disclosures and referred to persons identified in the administrative EEO file and the entire administrative EEO file to support his claims or defenses, nothing more, nothing less. On November 30, 2008, I made my initial disclosures and I referred to Douglas David Senello and the entire administrative EEO file to support Cathleen's claims or defenses, nothing more, nothing less. All facts and evidence in support of the claims or defenses of both parties are on record in the administrative EEO file. There are no additional facts, no additional evidence outside of matters on file with the EEOC. There is nothing more to discover. All pieces of evidence are in the EEOC record. Discovery will only be redundant, a repetition of everything already discovered in the administrative EEOC record. With initial disclosures, it is clear that discovery was not necessary. Standards for professional conduct within the Seventh Federal Judicial Circuit dealing with the court's duties to lawyers allows lawyers not to adopt procedures that needlessly increase litigation expenses. Lawyers under the standards for professional conduct have a duty to waive procedural formalities provided that the legitimate rights of their clients will not be materially or adversely affected. It was in the best interest of my sick client, the opposing party and the court to forego or adjourn discovery which was unnecessary. I believe that granting a motion for judgment on the pleadings under Rule 12c of the Federal Rules of Civil Procedure (FRCP) was proper and expedient as it is in keeping with the purpose of Rule 1 of FRCP which is to secure, a just, speedy and inexpensive determination of every action.

(3) <u>Good Faith</u> – The district court dismissed the case on August 12, 2010 on its own motion and without notice and hearing. There was no warning at all. This prompted me to file an ex parte motion to vacate dismissal for the issue boiled down between the court and Cathleen and had nothing to do with the issues in the case. My understanding of an ex parte motion is that it is a motion a court considers and rules on without hearing from all sides. Since the parties were

neither notified nor heard before the court dismissed for want of prosecution under Local Rule 41.1, I deemed it proper to file an ex parte motion. Failing to serve the motion to my adversary was not a mistake. If it was, it was not deliberate. It was an honest mistake in good faith that harmed no one. There were only cumulative reasons in my ex parte motion and no constitutional issues.

(4) Appellant's Brief – Summary of the argument, standard of review, appellate jurisdiction and appendices are four parts of Cathleen's brief that were brought to question. I apologize that I wasn't able to produce and present a perfect brief by the book. There was no *summary of the argument* as required under FRAP 28, item #8. This was due to inadvertent oversight, a human error. I have no idea of the court's concept of *standard of review*. A standard of review means criterion by which an appellate court exercising jurisdiction measures the constitutionality of a statute or the propriety of an order, finding or judgment entered by a lower court. I believe a question of propriety arose when the district court invoked Local Rule 41.1 to a very sick litigant aside from due process. With respect to *jurisdiction*, I know that the court of appeals has jurisdiction of appeals from all final decisions of the district courts under 28 USCA, Section 1291. I invoked Circuit Rule 28(a)(3)ii (collateral order doctrine) as the basis for jurisdiction because the criteria of the doctrine were met, which are: a) finality, b) separability from the merits of the underlying action, and c) practical unreviewability on appeal from a final judgment (U.S. Court of Appeals for the Seventh Circuit Rules of Practice, effective December 1, 2009, page 52). If I made an error in citing appellate jurisdiction, it was because I saw the dismissal for want of prosecution as a final judgment but not on the merits. With respect to *appendix*, the requirements of circuit rule 30(a) were complied with. The appendix and the order under review were bound with the brief. What's missing in the appendix were a) the explanation on the district court's order, dated September 10, 2009, denying Cathleen's motion for judgment on the pleadings and b) explanation on the district court's order, dated

September 15, 2010, denying our ex parte motion to vacate dismissal. I have not received memoranda explaining the district court's decisions. This explains why a portion of Circuit Rule 30d was incomplete. What is also missing in the appendix is the statement required by circuit rule 30d that all materials required by parts (a) and (b) of this rule are included. This was error of omission.

(5) <u>Due Process</u> – Dismissing the suit without first warning is an argument to show abuse of discretion. Dismissing the suit for want of prosecution, especially when a litigant is too sick, is a legal argument that goes beyond abuse of discretion as it is addressed to the very core of due process. I believe that due process is a legal basis that is heavier, larger and stronger than argument for abuse of discretion. Due process is a difficult question of law. I could not think of any legal basis against dismissal of a suit for want of prosecution better than due process. Under the standards for professional conduct with the Seventh Federal Judicial Circuit, one of the court's duties to lawyers is to recognize that a lawyer has a right and a duty to present a cause fully and properly. The arguments in Cathleen's brief fully presented the legal basis of her cause.

(6) <u>Sanctions</u> – I recognize that this court has authority to discipline a member of the court's bar for conduct unbecoming of a member of the bar or for failure to comply with any court rule (FRAP 46(c)). Also, the court has authority to assess costs against Cathleen if the appeal is dismissed or judgment is affirmed (FRAP 38 & 39). FRAP 39 provides that costs for the United States will be assessed under Rule 39a if authorized by law. In my appeal brief, I have shown the legal basis of our appeal in the three arguments mentioned in Cathleen's brief. Because of her prolonged illness, Cathleen's superiors rightly or wrongly REMOVED her from federal service on May 15, 2010 on ground of absence without leave (AWOL) although she had a right to leave without pay (LWOP). She timely appealed her removal by filing a petition with the Merit Systems Protection Board (MSPB) in Case Number CH 0752-10-0648-I-1. The MSPB affirmed with its initial decision on September 8, 2010 which became final on

October 13, 2010. Cathleen appealed the initial decision with the MSPB Washington, D.C. MSPB Washington affirmed the removal and initial decision on June 10, 2011. She filed a timely petition for review with the United States Court of Appeals for the Federal Circuit in Case Number 2011-3204, which was docketed on August 11, 2011. Her removal is pending with the U.S. Court of Appeals for the Federal Circuit. The MSPB proceedings in the removal issue overlap with her suspension issue in this judicial proceeding. A fortiori removing her from the federal service made her suit an exercise in futility. Removal laid to rest the two-week suspension issue in this case. Removal made her appeal to this court moot and academic. With her uphill battle, she is left with an empty shell. For these reasons, I ask this court for judicial clemency not to assess monetary sanctions as she is financially crippled, emotionally pestered and physically depleted with her deplorable conditions resulting from prolonged illness her superiors imputed as AWOL. I also ask to be excused from monetary sanctions for slight errors of omission in violation of Circuit Rule 30(d). My failure to comply was isolated. It was unintentional. It was an honest mistake. Monetary sanctions for harmless errors is a severe penalty for one who is assisting pro bono. Attached is a copy of Cathleen's affidavit. Non-compliance was my fault imbedded in my inability to produce a perfect brief by the book. Of the various forms of discipline, I believe a reprimand is appropriate and is a reasonable measure of discipline.

Respectfully submitted,

A. Jun Joaquin, Jr.

## CERTIFICATE OF SERVICE

I certify that on the date shown below I have served a copy of this ANSWER TO RULE TO SHOW CAUSE by regular mail postage prepaid, to Jack Donatelli, Assistant U.S. Attorney, to his office address at 219 South Dearborn Street, Chicago, Illinois 60604.

Date: December __5_____, 2011

A. Jun Joaquin, Jr.

## AFFIDAVIT

CATHLEEN R. SAMBRANO, on oath, hereby states:

1. I am the Plaintiff-Appellant in Case No. 10-3430 against the Defendant-Appellee, Mr. Ray Mabus, Secretary of the Navy, now pending with the United States Court of Appeals for the Seventh Circuit;
2. I consulted with Atty. A. Jun Joaquin, Jr. about my case as I needed to know the weight of my evidence;
3. I gave Atty. Joaquin all the facts and evidence I had but I was not ready to retain him then as I was sick and under doctors care and had no source of income to pay for his legal services;
4. He consented to help me on a pro bono basis and he explained to me what pro bono means. Since I needed legal representation very badly, I requested him to assist me and he agreed to represent me for free all the way;
5. My lawyer earnestly sought to expedite my case to final judgment but because of my prolonged illness I could not render full cooperation and undivided attention. And because of this, my case remained inactive with the district court for a long period of time;
6. It was with my consent and it was in my best interest that my lawyer filed a motion for judgment on the pleadings as a means to expedite my case at no expense to me in terms of time, money and effort;
7. I have executed this affidavit of my own volition to confirm the pro bono arrangement I had with my lawyer who arduously pleaded my cause and my right to justice at the administrative and judicial levels in my hour of need.

AFFIANT FURTHER SAYETH NAUGHT.

_Cathleen R. Sambrano_
Affiant

SUBSCRIBED and SWORN to before me this 23rd day of November 2011 in the County of Lake, State of Illinois.

_Notary Public_

"OFFICIAL SEAL"
JAMES LOMONACO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 12/01/2013